IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL D. TERRY                                                                                              PLAINTIFF
ADC #149998

v.                                        2:22-cv-00111-BSM-JJV

LEVY WATSON, Former Sergeant, EARU Max; *et al.*                                    DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Jarell D. Terry ("Plaintiff") is a prisoner, who is no stranger to *pro se* litigation in this District. Since 2018, he has filed twenty-six cases, two of which are likely to be counted as strikes pursuant to 28 U.S.C. § 1915(g).[1] On June 28, 2022, I entered an Order explaining why the Complaint he filed in this action failed to state a plausible claim for relief, gave him the opportunity to file an Amended Complaint, and warned him an Amended Complaint would render his prior Complaint obsolete. (Doc. 3.) Plaintiff has timely filed an Amended Complaint. (Doc. 5.)

---

[1]   *See Terry v. Rechcigl*, 2:20-cv-79-DPM; *Terry v. Andrews*, 2:20-cv-122-BSM.

1

But for the following reasons, I conclude he still has not pled a plausible claim for relief, and I recommend the Amended Complaint be dismissed without prejudice.[2]

First, Plaintiff says in June 2021, Lieutenant Moore and Sergeant Watson violated his Eighth Amendment rights by waiting three days to put him on suicide precautions. But Plaintiff does not allege that he was harmed by that delay. *See Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"); *Redmond v. Kosinski,* 999 F.3d 1116, 1121 (8th Cir. 2021) (to proceed with an inadequate medical care claim, a prisoner must demonstrate he was harmed the delay in receiving medical care). Thus, he has not pled a plausible Eighth Amendment claim against them.

Second, Plaintiff alleges Sergeant Smith failed to give him an affidavit form to document his reasons for going on a hunger strike on June 12, 2021. In my prior Order, I cautioned Plaintiff he could not "throw a myriad of facts at the court to see what sticks," and that instead, he must explain how each defendant violated his specific constitutional rights. (Doc. 3.) Plaintiff has not explained how Sergeant Smith's failure to give him an affidavit form violated any of his constitutional rights, and I cannot envision any such violation. Thus, I find no plausible claim here.

Finally, Plaintiff claims Sergeant Watson, Lieutenant Moore, Sergeant Woodard, Sergeant Sykes, Corporal McCoy, and Mental Health Advisor Scott did not give him a mattress or allow

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

him to shower while he was on suicide precaution status for seventy-two hours. Because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a plausible claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the conditions. *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). Being denied a mattress and shower, for seventy-two hours, does not rise to the level of a constitutional violation. *See Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996) (the duration of the alleged inhumane conditions is a "critical factor" in determining whether a constitutional violation has occurred); *Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise and visits not a constitutional violation); *Jones v. Houston,* Case No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. 2007) (denial of showering privileges for thirteen days was not an Eighth Amendment violation).

**II. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 5) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28

U.S.C. § 1915(g).³

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of August 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

³ Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.